## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF LOUISIANA

**IN RE:**

| | |
|---|---|
| **DELTECH MONOMERS OPCO, LLC** | **CASE NO. 26-10182** |
| **PUTATIVE DEBTOR** | **CHAPTER 7** |

### MEMORANDUM OPINION

On March 5, 2026, Tankworx & Construction Services, LLC, Picou Group Contractors, LLC, Momentum Constructors, LLC, and Iberville Insulations, LLC (collectively, "Petitioning Creditors") filed an Involuntary Petition for Relief under Chapter 7 of the Bankruptcy Code against Deltech Monomers Opco, LLC ("Deltech").  Deltech Monomers Opco (assignment for the benefit of creditors), LLC ("Assignee") filed a Motion for Abstention and Dismissal of Involuntary Petition Pursuant to 11 U.S.C. § 305.[1] On April 29, 2026, the court held a preliminary hearing limited to the threshold issue of whether a canceled Delaware limited liability company is eligible to be an involuntary debtor in a bankruptcy case. After hearing argument of counsel, the matter was taken under advisement. On May 1, 2026, the court entered an order[2] dismissing the Involuntary Petition due to its limited finding, explained thoroughly in the Memorandum Opinion[3] entered the same date ("Original Opinion"), that Deltech was not eligible to be a debtor. The case was closed on May 4, 2026.

On May 15, 2026, the Petitioning Creditors filed a Motion to Alter or Amend Judgment pursuant to F.R.B.P.  9023[4] ("Motion to Amend") that is currently before the court. The

---

[1] P-45.

[2] P-92.

[3] P-91.

[4] P-99.

Assignee filed an Objection,[5] and the Petitioning Creditors filed a Reply.[6] The Petitioning Creditors also filed a Motion to Reopen[7] the case on May 18, 2026, and the court entered an order[8] reopening the case on May 19, 2026. The court held a hearing on the Motion to Amend on June 15, 2026. At the conclusion of the hearing, the court took the matter under advisement and now renders its ruling.

## I. F.R.C.P. 9023

F.R.C.P 9023(b) provides that a "motion for a new trial or to alter or amend a judgment must be filed within 14 days after the judgment is entered." The Motion to Amend was filed timely. F.R.C.P 9023(a) provides that F.R.C.P. 59 is applicable. The Petitioning Creditors specifically seek relief pursuant to F.R.C.P 59(e).[9] In *Matter of Life Partners Holdings, Inc.,*[10] the Fifth Circuit found that "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[11] The Fifth Circuit in *Templet v. HydroChem Inc.*[12] made clear that Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments."[13] As another

---

[5] P-108.

[6] P-110.

[7] P-101.

[8] P-104.

[9] P-99, p. 1.

[10] *Matter of Life Partners Holdings, Inc.,* 926 F.3d 103 (5th Cir. 2019).

[11] *Life Partners*, 936 F.3d at 128 (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)).

[12] *Templet v. HydroChem Inc.,* 367 F.3d 473 (5th Cir. 2004).

[13] *Id*. at 479 (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)).

court put it more recently, "Rule 59(e) motions cannot be used as a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a 'second bite at the apple.'"[14]  Within that framework, the court now addresses all the issues raised by the Motion to Amend.

## II.  Petitioning Creditors' Reasons for Reconsideration

### A.  Typographical Error

The Petitioning Creditors first contend that the court overlooked a key case due, ironically enough, to a typographical error in their objection to dismissal.   The Petitioning Creditors' cited "*800 Cooper Fin., LLC v. Liu*, 2019 WL 578725, at *3 (D.N.J. Oct. 10, 2019)." In its Original Opinion, the court noted in footnote 32 that it could not find that case cited by the Petitioning Creditors but believed they were referring to "*800 Cooper Finance, LLC v. Liu*, 2022 WL 855647 (D.N.J. Mar. 22, 2022)." The court's Original Opinion noted:

> In *800 Cooper Finance, LLC v. Liu*, [n. 32] a New Jersey federal district court applied Delaware law to nullify a certificate of cancellation and allow other causes of action to go forward against a canceled company. This decision may provide a useful roadmap for nullifying a Delaware certificate of cancellation, but it does not afford a bankruptcy court the power to move down that road without first having an eligible debtor to legitimize the involuntary bankruptcy.[15]

The Petitioning Creditors contend that the case they meant to cite was a related case, now correctly cited as "*800 Cooper Fin., LLC v Liu*, 2019 WL 5078725 (D.N.J. Oct. 10, 2019)." Both of these cases discuss the same certificate of cancellation by 800 Cooper Finance, LLC in January 2017. They both support the contention that a federal district court can proceed against a

---

[14] *Keaton v. Director, TDCJ-CID,* No. 4:22CV329, 2025 WL 2625571, *1 (E.D. Tex. Sept. 11, 2025) (quoting *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022); *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

[15] P-91, p. 11.

company who has filed a Delaware certificate of cancellation to first nullify that certificate and then address other causes of action.  However, as this court already pointed out in the Original Opinion, this "does not afford a bankruptcy court the power to move down that road without first having an eligible debtor to legitimize the involuntary bankruptcy."[16]  Therefore, although the court did not have the intended citation, the court still addressed, through a related case, the exact same proposition that the Petitioning Creditors are making now. Therefore, there is no error of law. Even considering the correct citation, reconsideration is not warranted.

Indeed, the Petitioning Creditors blur the distinct differences between whether a lawsuit can be brought to nullify a Delaware company's cancelation in federal district court and/or bankruptcy court outside of Delaware (clearly it can be) with the only issue in play now, that is a Delaware company's eligibility to be an involuntary debtor in bankruptcy.  The distinction is illustrated nicely by section 303(a) of the Bankruptcy Code, which provides that "[a]n involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation."  So, for example, although a farmer can be sued in federal district court under diversity or federal question jurisdiction, section 303(a) makes clear that a farmer is not eligible to be a debtor in an involuntary bankruptcy case.[17]

In *In re McCloy*,[18] an involuntary petition was filed against a farmer. He consented to entry of the order for relief.  Later, he filed an objection to the jurisdiction of the bankruptcy

---

[16] *Id.*

[17] The Petitioning Creditors also cited *W & Z, LLC v. Virginia Fam. Restaurants, LLC*, No. CV 6:20-3012-KFM, 2023 WL 3646537 (D.S.C. Apr. 5, 2023), for the proposition that a federal district court outside of Delaware can nullify a Delaware certificate of cancellation. Once again, that is not the issue before this court.

[18] *In re McCloy*, 296 F.3d 370 (5th Cir. 2002).

court on the grounds that he was not eligible to be an involuntary debtor pursuant to section 303(a). The Fifth Circuit held, "an individual's status as a farmer does not go to the jurisdiction of the bankruptcy court over an involuntary bankruptcy petition, but instead is an affirmative defense that may be waived."[19]

Unlike the putative involuntary debtor in *McCloy*, the Assignee asserted the affirmative defense that Deltech is not eligible to be a debtor.[20] The court ruled in the Assignee's favor, finding that "Deltech is not currently a legal entity and therefore is not a person eligible to be a chapter 7 debtor."[21] Even though Deltech could certainly be sued in a federal district court to nullify the cancelation, it is not eligible to be an involuntary debtor. In summary, the court's view is not changed by consideration of the case not originally presented due to typographical error.

### B. New Cases Cited by Petitioning Creditors

The Petitioning Creditors cited the recent Fifth Circuit opinion in *Matter of EP Energy E&P Co*., L.P.[22] for its holding that

> As numerous cases have recognized, a bankruptcy court's determinative authority encompasses underlying matters, governed by state law, that necessarily would be resolved in the process of adjudicating core matters over which the bankruptcy court has federal statutory and constitutional subject-matter jurisdiction.[23]

---

[19] *Id*. at 375.

[20] The court ruled in the Original Opinion that the Assignee had standing to seek dismissal according to the General Assignment executed by Deltech. P-91, pp. 5-6.

[21] P-91, p. 9.

[22] *Matter of EP Energy E&P Co*., L.P., 169 F.4th 609 (5th Cir. 2026).

[23] *Id.* at 622 (citations omitted).

*EP Energy* did not involve the issue that is before this court. In *EP Energy*, the Fifth Circuit affirmed the bankruptcy court's ruling that the bankruptcy court's jurisdiction over administrative expense claims encompassed the underlying state law claims that had to be resolved in the process.  The Fifth Circuit's ruling does not stand for the rather incredible proposition that this court can ignore the Assignee's well-founded affirmative defense, that Deltech is ineligible to be an involuntary debtor, to proceed with a substantive hearing on whether Deltech's Certificate of Cancellation can be nullified by this court in order to create an eligible debtor and a viable bankruptcy case.

The Petitioning Creditors also cited *In re Two Wheels Props., LLC*[24] and *In re ABZ Ins. Servs., Inc.*[25] in support of their argument that this court has authority to decide whether to nullify Deltech's Certificate of Cancellation concurrently with its decision as to eligibility to be a debtor.  In both cases, the court applied Texas law to determine whether a voluntary debtor was a "person" eligible to be a debtor pursuant to 11 U.S.C. § 109. In the case at bar, no party has argued that this court lacks authority to determine whether Deltech is eligible to be a debtor or that this court erred in applying state law in making that determination.  Therefore, neither *Two Wheels* nor *ABZ* advances the position of the Petitioning Creditors.

### C. Arguments Re-Urged by Petitioning Creditors

The Petitioning Creditors argue that Deltech remains in existence under Delaware law because it has not completed the winding up process. The Petitioning Creditors have already made this argument, and the court rejected it. As stated earlier, a motion to alter or amend

---

[24] *In re Two Wheels Props., LLC,* 625 B.R. 869 (Bankr. S.D. Tex. 2020).

[25] *In re ABZ Ins. Servs., Inc.,* 245 B.R. 255 (Bankr. N.D. Tex. 2000).

judgment should not be "used as a vehicle for re-litigating old issues, … or taking a 'second bite at the apple.'"[26]

In an abundance of caution, the court will address the case of *Mohr v. MLB Sub I, LLC*,[27] a case previously cited by the Petitioning Creditors for a different proposition[28] but now cited for their contention that a limited liability company that filed a certificate of cancellation still exists if it has not completed winding up its affairs. In *Mohr*, MLB Sub I, LLC ("MLB") sought confirmation of a judicial sale. Mohr filed a motion to dismiss alleging that MLB no longer existed once it filed a certificate of cancellation with the Delaware Secretary of State. The court cited *Trusa v. Nepo*[29] and held that Delaware law "permit[s] a certificate of cancellation only 'upon the dissolution and winding up of the company.' … MLB has not completed the prerequisite winding up process and thus remained in existence."[30]

The opinion in *Mohr* is not binding on this court. Absent a ruling from a binding court, this court is much more persuaded by the rulings of Delaware courts as to Delaware law. This court has found no binding case and no Delaware case holding that a company continues to exist if it files a certificate of cancellation before completing winding up its affairs, even though the certificate has not been nullified. While the court in *Trusa* did hold that "a certificate of

---

[26] *Keaton*, 2025 WL 2625571, *1.

[27] *Mohr v. MLB Sub I, LLC*, No. CV 16-00493 ACK-WRP, 2022 WL 596851 (D. Haw. Feb. 28, 2022).

[28] In their objection to dismissal, the Petitioning Creditors cited *Mohr* for the proposition that a certificate of cancellation could only be filed "upon the dissolution and winding up of the limited liability company." P-81, n. 30 (quoting *Mohr*, 2022 WL 596851, at *3).

[29] *Trusa v. Nepo*, No. CV 12071-VCMR, 2017 WL 1379594, at *7 (Del. Ch. Apr. 13, 2017).

[30] *Mohr*, 2022 WL 596851, at *4 (quoting *Trusa v. Nepo*, No. CV 12071-VCMR, 2017 WL 1379594, at *7 (Del. Ch. Apr. 13, 2017)).

cancellation may only be filed 'upon the dissolution and winding up of the company,'"[31] it did not decide the issue of whether a company remains in existence if it files a certificate of cancellation before completing winding up its affairs. In fact, in *Trusa*, the company at issue had not even filed a certificate of cancellation.

This court cited in its Original Opinion the decision of the Court of Chancery of Delaware in *In re Reinz Wisconsin Gasket, LLC*.[32]  That court held that "[w]hen a certificate of cancellation is filed for an entity, its 'existence as [a] jural entit[y] cease[s].' Its 'legal existence ends.' A defunct entity ceases to be a 'body corporate.'"[33]  It follows that once Deltech filed its certificate of cancellation, it ceased to exist as a "person" pursuant to Delaware law.  As stated in the Original Opinion, "absent a court ruling (somewhere) nullifying the Certificate, it remains effective."[34]

The Petitioning Creditors also contend that the court should take a second look at *In re Opus East, LLC*.[35]  In this court's Original Opinion, it found:

> *Opus East* … is distinguishable from the case at bar. In that case, the debtor filed a voluntary petition for relief under chapter 7. The chapter 7 trustee then sought, among other things, to revoke the certificate of *dissolution* of an entity against whom the estate presumably had a valid preference action. The issue of whether the debtor was a person eligible for bankruptcy relief was not before the court. The court cited the requirements for dissolution pursuant to 6 Del. Code § 18-804 and then revoked the preference target's certificate of dissolution, which of course does not have the force and effect of resurrecting a canceled company.[36]

---

[31] *Trusa*, 2017 WL 1379594, at *7.

[32] *In re Reinz Wisconsin Gasket, LLC*, No. CV 2022-0859-MTZ, 2023 WL 3300042 (Del. Ch. May 8, 2023).

[33] *Id*. at *2 (footnotes omitted).

[34] P-91, p. 9.

[35] *In re Opus East, LLC*, 528 B.R. 30 (Bankr. D. Del. 2015).

[36] P-91, p. 9.

The Petitioning Creditors contend that the court in *Opus East* used the words "dissolution" and "cancellation" interchangeably. In the facts of the case, the *Opus East* court states that "[b]efore the court is … revocation of a certificate of *dissolution*."[37] Later in the case, the court states:

> The Trustee asks the Court to revoke the certification of *dissolution* … Under Delaware law, an LLC that seeks to *dissolve* … "[s]hall make such provision as will be reasonably likely to be sufficient to provide compensation for claims … based on facts known to the limited liability company, are likely to arise or to become known to the limited liability company within 10 years after the date of *dissolution*." Del.Code Ann. tit. 6, § 18–804(b)(3). Failure to comply with the statutory requirements for winding up an LLC results in revocation or nullification of the certificate of *cancellation*. *See Metro Commc'n Corp., BVI v. Advanced Mobilecomm Techs., Inc.,* 854 A.2d 121, 139–140 (Del.Ch.2004). "[I]f the Court finds that an LLC's affairs were not wound up in compliance with the Delaware Limited Liability Company Act, it may nullify the certificate of *cancellation*, which effectively revives the LLC and allows claims to be brought by and against it." *Matthew v. Laudamiel,* No. 5957–VCN, 2012 WL 605589, at *22, n. 148 (Del.Ch. Feb. 21, 2012). In this case, the Court has found that the Trustee has a valid claim for a preference and fraudulent transfer against Core. Therefore, the Court will grant the Trustee's request to revoke the *dissolution* certificate of Core.[38]

Whether *Opus East* conflated the Delaware concepts of dissolution and cancelation has no bearing on this case. It did not involve eligibility of an involuntary debtor. Instead, the chapter 7 trustee in a properly invoked bankruptcy case sought to nullify the certificate of dissolution or cancellation of a creditor against whom the estate had a preference action. A preference target is never subject to the threshold issue of eligibility to be an involuntary debtor.

The Petitioning Creditors also urge the court to look again at the case of *In re TPG Troy, LLC*.[39] As stated earlier, a motion to alter or amend judgment should not be "used as a vehicle

---

[37] *Opus East*, 528 B.R. at 48 (emphasis added).

[38] *Id.* at 105-106 (emphasis added).

[39] *In re TPG Troy, LLC*, 492 B.R. 150 (Bankr. S.D.N.Y. 2013).

for re-litigating old issues, … or taking a 'second bite at the apple.'"[40] As this court found in its

Original Opinion:

> In *TPG Troy*, the court heard, all at one time, the issues of the putative debtor's eligibility, whether the putative debtor's certificate of cancellation should be nullified, and whether the involuntary petition should be dismissed on other grounds. But that court dismissed the involuntary petition on other grounds and did not reach the issue of whether the putative debtor was eligible to be a debtor or whether the certificate of cancellation could be nullified by the bankruptcy court. [41]

The court in *TPG Troy* held that the involuntary cases filed against the two putative debtors must

be dismissed because 1) there was a bona fide dispute as to whether the petitioners held claims

against the putative debtors, and 2) abstention was warranted under section 305(a)(1). The

putative debtors also asserted as grounds for dismissal that they were ineligible to be debtors

pursuant to section 303(a) and that the petitioning creditors had not proven, as required by

section 303(h), that they were not paying debts as they came due or subject to a bona fide

dispute. The court found:

> In order [to] dismiss these cases under section 303(h) or 303(a), the Court would likely have to determine whether the Troy Entities are liable as alter egos for the Issuer's debts and whether their dissolution was improper, both of which are contested issues. Because the Court finds two other grounds upon which to dismiss these cases, it is not necessary to delve into these fact-intensive inquiries.[42]

The Petitioning Creditors contend that this court should interpret the ruling by the court in *TPG

Troy* as indicating that it had the power to nullify the certificate of cancellation but chose not to

do so. That interpretation stretches the ruling to say the least. The court in *TPG Troy* only ruled

---

[40] *Keaton*, 2025 WL 2625571, *1.

[41] P-91, pp. 11-12.

[42] *TPG Troy*, 492 B.R. at 161.

that it was not necessary for it to decide whether the cases should be dismissed pursuant to

sections 303(a) or (h) because it would dismiss the cases on other grounds. It expressly resisted

the urge to provide *dicta* from a non-precedential opinion perhaps helpful to the Petitioning

Creditors' cause here.

### D. Deltech's Good Standing in Louisiana

The Petitioning Creditors next contend that they have newly discovered evidence

showing that Deltech remains active and in good standing with the Louisiana Secretary of State.

They contend that Deltech was issued a certificate of authority to transact business in Louisiana

on July 14, 2021, and its last filing with the Louisiana Secretary of State was June 6, 2025. They

argue for the first time that regardless of its cancellation in Delaware, Deltech "still exists under

Louisiana law and may be a debtor in a bankruptcy the same as any other Louisiana entity."[43]

This evidence, even if relevant to the Motion to Amend, was obviously available at the

time of the hearing on dismissal.  As the Fifth Circuit held in *Life Partners*, "[a] motion to alter

or amend the judgment under Rule 59(e) … cannot be used to raise arguments which could, and

should, have been made before the judgment issued."[44]  The Petitioning Creditors contend that

even though they had access to this public record at the time the court ruled on dismissal, the

court should nevertheless consider it. They cited *In re Berg*.[45] In *Berg*, the court allowed a trustee

to introduce, on reconsideration, a public record previously available because the trustee had

been misled by the opposing party.  The Petitioning Creditors do not allege that the Assignee

misled them, but they contend, without any legal basis, that the Assignee should have informed

---

[43] P-99, p. 10.

[44] *Life Partners*, 936 F.3d at 128.

[45] *In re Berg*, 383 B.R. 631 (Bankr. W.D. Tex. 2008).

them that Deltech was in good standing in Louisiana.  The ruling in *Berg*, even if binding on this court (it is not), does not extend far enough to help the Petitioning Creditors.

Regardless, whether Deltech is in good standing in Louisiana is not grounds for alteration or amendment of the order dismissing the case. Deltech was organized under Delaware law, and its continued existence is governed by Delaware law. The Petitioning Creditors acknowledged this in their objection to dismissal. They stated that Deltech "is a Delaware LLC, so Delaware law controls its legal existence as a 'person' for bankruptcy purposes."[46]  Therefore, reconsideration is not warranted as to this issue.

However, the court will address the new Fifth Circuit case cited by the Petitioning Creditors – *Alphonse v. Arch Bay Holdings, L.L.C.*[47] In that case, Alphonse filed suit against Arch Bay Holdings, L.L.C. ("Arch Bay"), the company he believed was responsible for foreclosing on his home, pursuant to the Fair Debt Collection Practices Act and Louisiana Unfair Trade Practices Act.  Arch Bay argued that Alphonse had sued the wrong defendant and that its affiliate was the real party in interest. Alphonse argued that the two entities were not legally distinct. The district court cited Louisiana's conflict of laws statute, La. Rev. Stat. Ann. § 12:1342. It provides that "[t]he laws of the state or other jurisdiction under which a foreign limited liability company is organized shall govern its organization, its internal affairs, and the liability of its managers and members that arise solely out of their positions as managers and members."  The district court then applied the law of the state of organization, Delaware, and determined that the two entities were separate legal entities. Therefore, the court dismissed the case. On appeal by Alphonse, the Fifth Circuit held:

---

[46] P-81, p. 9.

[47] *Alphonse v. Arch Bay Holdings, L.L.C.,* 548 F. App'x 979 (5th Cir. 2013).

> [I]t is not clear that the liability of a limited liability company, or its "series," to third parties like Alphonse is *internal* rather than *external.* After all, "the law of the state of incorporation normally determines issues relating to the *internal* affairs of a corporation," but "[d]ifferent conflicts principles apply ... where the rights of third parties *external* to the corporation are at issue."[48]

The Fifth Circuit reversed the dismissal and remanded for the district court "to consider the external/internal affairs conflict-of-law question under Louisiana law."[49] The opinion on remand did not reach a resolution of this issue.

In the case at bar, the only decision being challenged by this Motion to Amend is whether Deltech is a person eligible to be an involuntary debtor. The parties agreed at the outset that Deltech was organized under Delaware law, and Delaware law governs its existence. This court can think of nothing more uniquely internal than whether a company exists or not. *Alphonse* has no bearing on this case.

## III.  Stay the Case

In the alternative, the Petitioning Creditors contend that if the court declines to reconsider its Original Opinion, it should nevertheless stay the involuntary case while they pursue nullification elsewhere. The involuntary petition has already been dismissed. The case was reopened for the sole purpose of permitting the Motion to Amend to be considered. As such, the case has neither been reinstated nor has an order for relief been granted. Stated another way, there is nothing for this court to stay. Additionally, this is an argument that could have been urged by the Petitioning Creditors before the court ruled in its Original Opinion. For all these reasons, issuing a stay is denied.

---

[48] *Id*. at 986 (quoting *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba,* 462 U.S. 611, 621, 103 S.Ct. 2591, 77 L.Ed.2d 46 (1983) (citation omitted)).

[49] *Id*. at 986.

## IV. Certification of Direct Appeal to the Fifth Circuit

The Petitioning Creditors finally contend that the court should certify a direct appeal to the Fifth Circuit pursuant to 28 U.S.C. § 158(d)(2)(A). In response to this request, the Assignee contends that dismissal of the case is not reviewable on appeal pursuant to section 305 of the Bankruptcy Code.  28 U.S.C. § 158(d)(2)(A) provides:

> (2)(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—

> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

> > (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

> > (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; …[50]

In *In re First River Energy, LLC*,[51] the court held that "[i]f any of the four conditions precedent are met, the bankruptcy court *shall* make the certification per § 158(d)(2)(B)(ii)."[52] The procedure for requesting certification of a direct appeal to a circuit court is found in F.R.B.P. 8006. The court is concerned that the Petitioning Creditors, through this Motion to Amend, have not presented its case for direct appeal through the meticulous requirements found in F.R.B.P.

---

[50] 28 U.S.C. § 158(d)(2)(A) (emphasis added).

[51] *In re First River Energy, LLC*, No. 18-50085-CAG, 2019 WL 1782628 (Bankr. W.D. Tex. Apr. 22, 2019).

[52] *Id.* at *5 (emphasis in original) (citing *In re Adkins*, 517 B.R. 698, 699 (Bankr. N.D. Tex. 2014)).

8006. Accordingly, the Petitioning Creditors may re-urge their request by separate motion filed in compliance with F.R.B.P. 8006. Likewise, the Assignee may object to any such request on any grounds, including appealability pursuant to section 305 of the Bankruptcy Code, when and if such a motion is filed and noticed for hearing.

**V. Conclusion**

The request of the Petitioning Creditors to alter or amend the order dismissing the case is denied, as are the alternative requests to stay the case or to certify direct appeal to the Fifth Circuit. Denial of the request to certify direct appeal to the Fifth Circuit is without prejudice, as is any objection to that relief raised by the Assignee, including appealability. The court will enter a separate order in accordance with this Memorandum Opinion.

Baton Rouge, Louisiana, June 17, 2026.

<u>**/s/ Michael A. Crawford**</u>
MICHAEL A. CRAWFORD
UNITED STATES BANKRUPTCY JUDGE